| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **KAZEROUNI LAW GROUP, APC** |
| **Ryan McBride, Esq. (297557)** | **Darrion Jackson-Laws, Esq. (333196)** |
| ryan@kazlg.com | darrion@kazlg.com |
| 4455 E. Camelback Rd., Suite C250 | 245 Fischer Avenue, Suite D1 |
| Phoenix, AZ 85018 | Costa Mesa, CA 92626 |
| Telephone: (800) 400-6808 | Telephone: (800) 400-6808 |
| Facsimile: (800) 520-5523 | Facsimile: (800) 520-5523 |

*Attorney for Plaintiff,*
Andre Gotanian

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRE GOTANIAN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ZWICKER & ASSOCIATES, P.C., DISCOVER BANK, and TRANS UNION, LLC,<br><br>　　　　　　Defendants. | Case No.: 2:22-cv-00421<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**I.　FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.;**<br><br>**II.　THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>**III.　CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE § 1798.92 ET SEQ.,**<br><br>**IV.　THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>**V. THE CALIFORNIA CREDIT REPORTING AGENCIES ACT, CAL CIV. CODE § 1785 ET SEQ.** |

- 1 -
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. Plaintiff Andre Gotanian ("Plaintiff") is a victim of identity theft. An unauthorized individual accessed Plaintiff's personal identifying information and opened up several credit accounts, including the Discover Personal Loan Account ending in -6289 ("the Account"), which Defendants Discover Bank ("Discover") Zwicker & Associates, P.C. ("Zwicker"), Trans Union, LLC ("TransUnion") (referred to collectively as "Defendants") refused to reasonably investigate and attempted to collect an amount not owed by Plaintiff.

2. Plaintiff, by Plaintiff's attorney, brings this action for actual damages, statutory damages, injunctive relief, attorneys' fees, and costs, against Defendants, for violations of the California Identity Theft Act, Cal. Civ. Code § 1798.92 et seq. (hereinafter "CITA"), Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"), The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq, (hereinafter "Rosenthal Act"), Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the California Credit Reporting Agencies Act, Cal. Civ. Code § 1785 et seq. ("CCRAA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all of its agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties,

- 2 -
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

subrogees, representatives, and insurers.

7. CITA provides that "a person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." (Cal. Civ. Code. § 1798.93(a).) A claimant is someone "who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." (*Id.* § 1798.92(a).) A victim of identity theft is "as person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard." (*Id.* § 1798.92(d).) Additionally, a victim of identity theft is entitled to a civil penalty of up to $30,000 if the victim shows that: 1) at least 30 days prior to filing a court case the victim provided written notice to the claimant that a situation of identity theft might exist and explain the basis for that belief, 2) the claimant failed to diligently investigate the victim's notification of a possible identity theft, and 3) the claimant continued to pursue its claim after it was presented with facts that were later held to entitle the victim to a judgment pursuant to CITA. (*Id.* § 1798.93(c).) Other remedies available to a CITA victim include actual damages, attorneys' fees and costs, and any equitable relief that the court deems appropriate.

8. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

consistent State action to protect consumers against debt collection abuses.

9. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. [1]

10. In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

**JURISDICTION AND VENUE**

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

- 4 -

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331;15 U.S.C. § 1692k; 15 U.S.C. § 1681p, and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendants' violations of (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.; (2) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("RFDCPA" or "Rosenthal Act"); (3) California Identity Theft Act, Cal. Civ. Code § 1798.92 et seq. (hereinafter "CITA"); (4) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.; and (5) the California Credit Reporting Agencies Act Cal. Civ. Code § 1785 et seq. ("CCRAA").

13. Because Defendants conduct business within the State of California, personal jurisdiction is established.

14. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because Defendants: (a) are authorized to conduct business in this district and has intentionally availed themselves of the laws and markets within this district; (b) do substantial business within this district; (c) are subject to personal jurisdiction in this district because they have availed themselves of the laws and markets within this district; and (d) the harm to Plaintiff occurred within this district.

**PARTIES**

15. Plaintiff is natural person who resides in the County of Los Angeles, state of California. Plaintiff is "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.92(d).

16. Plaintiff is allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a natural person from whom a debt

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. Defendant Discover Bank is a Delaware corporation, and, upon information and belief, operates at 502 E. Market Street, Greenwood DE, 19950

19. Discover purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft because it has attempted to collect a debt from Plaintiff that was incurred through identity theft. Discover is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

20. Defendant Zwicker is a Massachusetts corporation, and upon information and belief, operates at 80 Minuteman Road, Andover MA, 01810.

21. Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

22. Defendant TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

23. Zwicker is a person that uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

24. Plaintiff is informed, believes, and thereon allege, that Zwicker, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

Trans Union

- 6 -
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

25. This case involves, money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

26. This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

27. Plaintiff is an individual residing in La Crescenta, California, County of Los Angeles.

28. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in California.

29. In or around December of 2020, Plaintiff discovered that someone had stolen his identity. Plaintiff is informed and believes that his former girlfriend Rosa E. Gomez (now deceased) whom Plaintiff lived with for 14 years was the identity thief. Ms. Gomez had access to Plaintiff's personal identifying information ("PII").

30. While sorting through Rosa E Gomez's personal belongings after her passing, Plaintiff found several Wells Fargo Check books in his name. However, Plaintiff had never authorized anyone to do so, nor did he open any Wells Fargo accounts.

31. After discovering the unauthorized Wells Fargo accounts, Plaintiff decided to review his credit report. Plaintiff had difficulties accessing his credit report, due to what appeared to be a freeze based on potential identity theft.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

32. When Plaintiff finally accessed his credit report on or about mid December 2020, Plaintiff discovered additional accounts in his name that he did not open or authorize anyone to open.

33. One of the accounts that Plaintiff identified as not belong to Plaintiff was the Discover Personal Loan Account ending in -6289 (the "Discover Account").

34. The Discover Account was a $25,000 loan from Discover taken out in Plaintiff's name.

35. As soon as Plaintiff discovered the Discover Account, Plaintiff immediately contacted Discover via telephone on or about December 7, 2020 to inform Discover that the Discover Account was not authorized to be opened by Plaintiff. In response, Plaintiff was told by Discover that paperwork would be sent to Plaintiff via mail to help assist Plaintiff with the fraud process. However, Plaintiff never received the paperwork from Discover.

36. On or about January 23, 2021, Plaintiff received a collection letter from Zwicker & Associates, P.C. on behalf of Discover attempting to collect approximately $20,000 from Plaintiff.

37. In response to the collection letter from Zwicker, Plaintiff called Discover again to find out why he had received a collection letter instead of the documents that were supposed to help facilitate his fraud claim. Discover told Plaintiff that Discover had been sending the documents and other written correspondence related to the Discover Account, including but not limited to Billing Statements for the Account, to a Marina Del Rey, CA address instead of Plaintiff's actual address of 2916 Adams St., La Crescenta, CA 91214.

38. Plaintiff has lived at and resided in his home on 2916 Adams St. for the past 15 years. Plaintiff has never maintained, occupied, or resided at any address in Marina Del Rey, CA.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

39. Upon finally receiving the documents at the 2916 Adams St. address that were supposed to help facilitate his fraud claim, Plaintiff sent a 2-page letter via certified mail dated February 6, 2021 which Discover received on February 17, 2021. The letter was a full Identity Theft Notification ("IDTN") (in accordance with Cal. Civ. Code § 1798.93(6)(a-c).

40. Attached to this ITDN was a copy of Plaintiff's police report, along with his driver's license. Nonetheless, Discover has continued to list the negative amount as the "balance" on the Discover Account, claiming that an amount is due from Plaintiff to Discover.

41. To date, Discover has refused to fully investigate Plaintiff's claim regarding the Discover Account that was opened without his knowledge, permission, or authorization; instead, it has continued to attempt to collect a debt from Plaintiff that was incurred as the result of identity theft, a violation of CITA, the Rosenthal Act, and the FDCPA.

42. Defendant Discover purports to have a claim for and/or has attempted to collect money from Plaintiff or has maintained an interest in property in connection with a transaction procured through identity theft, and it is therefore a "claimant" under Cal. Civ. Code § 1798.92(a).

43. The January 23, 2021 letter and any subsequent collection correspondence sent to Plaintiff by Zwicker was a communication as that term is defined by 15 U.S.C. § 1692a(2); and these communications constitute "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

44. Plaintiff, through Plaintiff's attorney, notified Zwicker on May 1, 2021 via email that Plaintiff was a victim of fraud as it related to the Discover Account. Plaintiff's attorney provided Zwicker with the Police Report along with the reporting officer's contact information.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

45. Even prior to Plaintiff's attorney notifying Zwicker of the fraud, Zwicker should have been on notice of the fraud since Plaintiff himself informed Discover of the fraud several months before that, in both December 2020 via telephone and in February 2021 in writing. Zwicker was or should have been on notice of the fraud from its client Discover, yet Zwicker still tried to collect on a debt that was not owed by Plaintiff.

46. Through its actions and communications, Zwicker engaged in conduct in violation of 15 U.S.C. § 1692e(2), e(5), e(10) by attempting to collect an amount on an alleged debt that was never owed by Plaintiff, falsely representing the amount the Plaintiff owed, and by using false or misleading representations or means in connection with the collection of the alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Zwicker has also violated Cal. Civ. Code § 1788.17. Moreover, since Discover is an original creditor, Discover also violated Cal. Civ. Code § 1788.17 by attempting to collect on an amount not owed.

47. Through this conduct, Zwicker also is in violation of 15 U.S.C. § 1692f and f(1) by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff and by attempting to collect an amount not authorized by law or by agreement. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Zwicker also violated Cal. Civ. Code § 1788.17.

48. Through this conduct, Zwicker also is in violation of 15 U.S.C. § 1692d by engaging in conduct which the natural consequence is which to harass, oppress, or abuse. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Zwicker also violated Cal. Civ. Code § 1788.17.

///
///
///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## CREDIT REPORTING

49. In addition to trying to dispute the Account with Discover and Zwicker, Plaintiff also sent written correspondence to TransUnion to try and improve his credit/credit report.

50. On or about December 3, 2021 Plaintiff sent by Certified Mail, a dispute letter to Experian and TransUnion pursuant to 15 U.S.C. § 1681i, attaching to the letter a copy of the police report filed with the Los Angeles County Sheriff Department, an Identity Theft Affidavit, and Plaintiff's CA drivers license. In this letter, Plaintiff indicated that the Discover Account did not belong to Plaintiff.

51. In response to these disputes, TransUnion was required to conduct a reasonable investigation into the Account on Plaintiff's consumer reports pursuant to 15 U.SC. § 1681i.

52. Plaintiff received confirmation that each of the letters were delivered to TransUnion and Experian.

53. On or about December 15, 2021 Plaintiff received dispute results from Experian indicating that Experian would be deleting the tradeline[2] from Plaintiff's Account based on the information that Plaintiff provided. Plaintiff sent a similar letter with the same information to both Experian and Trans Union.

54. However, on or about January 6, 2022 Plaintiff received dispute results from Trans Union which indicated that TransUnion would not be deleting or blocking the Discover Account tradeline. Instead, Trans Union continued to report the unauthorized account with a negative status of "UNPAID BALANCE CHARGED OFF".

55. By continuing to inaccurately report account information relating to the Account after notice of the erroneous reporting, TransUnion failed to take the appropriate

---

[2] A credit report tradeline is simply an industry term to describe a credit account. If you have credit accounts, you therefore have tradelines on your report, and they may come in the form of line of credits, car loans, mortgages, credit cards, payday advances, etc.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

measures to ensure maximum possible accuracy as required under the FCRA, 15 U.S.C. § 1681e(b).

56. Further, upon receiving Plaintiff's dispute, TransUnion failed to conduct a reasonable investigation with respect to the disputed information as required by the FCRA, 15 U.S.C. § 1681i and failed to remove and/or correct the disputed and incorrect information.

57. It is evident that TransUnion failed to conduct a reasonable investigation because Experian who received the same dispute information, which overwhelmingly suggest fraud, chose to delete the Account after concluding their investigation and TransUnion had it remain.

58. TransUnion's inaccurate reporting regarding Plaintiff's Discover Account affects Plaintiff's rights to have accurate information furnished to users of credit, placing Plaintiff at increased risk of not being able to obtain credit, loans, home equity and adversely affecting Plaintiff's livelihood.

59. As a direct and proximate result of result of TransUnion's conduct, Plaintiff has suffered actual damages including, but not limited to, time and money spent on reviewing credit reports, sending dispute letters, failure to obtain a home equity loan, attorney's fees, litigation costs, and such further expenses in an amount to be determined at trial.

60. As a result of Defendant's actions, Plaintiff experienced stress, frustration, and mental anguish including but not limited to the stress of potentially having to sell his home.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST ZWICKER & ASSOCIATES, P.C.
### 15 U.S.C. §§ 1692, ET SEQ. ("FDCPA")

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
62. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
63. As a result of Zwicker's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1).
64. As a result Zwicker's violations of the FDCPA, Plaintiff is entitled to statutory in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).
65. As a result a result of Zwicker's violations of the FDCPA, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Zwicker.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AGAINST ZWICKER AND DISCOVER

### CAL. CIV. CODE §§ 1788 ET SEQ. ("ROSENTHAL ACT")

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
67. The foregoing acts and omissions by Defendants constitute numerous and multiple violations of the Rosenthal Act.
68. As a result of Defendants' violations of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a).
69. As a result of Defendants' violations of the Rosenthal Act, Plaintiff is entitled to statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

70. As a result of Defendants' violations of the Rosenthal Act, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Zwicker.

### COUNT III

### VIOLATION OF THE CITA AGAINST DISCOVER BANK

### CA. CIV. CODE § 1798.93

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions of Defendant Discover constitute numerous and multiple violations of CITA.

73. Plaintiff brings this cause of action pursuant to Cal. Civ. Code § 1798.93. Plaintiff is the victim of identity theft because his PII was used by another to obtain credit, goods, services, money, or property. Plaintiff did not grant anyone permission to use his PII, and he did not use or possess the credit, goods, services, money, or property obtained by the identity theft.

74. Plaintiff has provided written notice to Discover that a situation of identity theft did exist as to the Personal Loan Account ending in -6289, including a copy of the Police Report regarding such identity theft.

75. Upon information and belief, Discover has failed to diligently investigate Plaintiffs notification of identity theft. Discover received a full ITDN dispute on February 17, 2021, but still chose to pursue the alleged balance owed.

76. Discover has continued to purport to have a claim or interest in collecting the debt incurred as a result of identity theft from Plaintiff after Discover was presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93.

77. As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages, including emotional distress damages, pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code §

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00 from Defendant, pursuant to Cal. Civ. Code § 1798.93(c)(6).

78. In addition, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Discover on any claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any claim to payment, security interest or other interest Discover purportedly has for the, fraudulent transactions on the Discover Personal Loan Accounts ending in -6289 is void and unenforceable under Cal. Civ. Code § 1798.93(c)(2); an injunction restraining Discover from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

## COUNT IV

### VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST TRANSUNION AND DISCOVER BANK

### 15 U.S.C. §§ 1681, ET SEQ.

79. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

80. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including, but not limited to, each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 *et seq.*

81. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from TransUnion and Discover Bank.

82. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a) (2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from TransUnion and Discover Bank.

## COUNT IV

### VIOLATION OF THE CALIFORNIA CREDIT REPORTING AGENCIES ACT AGAINST TRANSUNION AND DISCOVER BANK

### CAL. CIV. CODE § 1785, ET SEQ.

83. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

84. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

85. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

86. Because Trans Union and Discover Bank are each a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code §1785.3(j), Trans Union and Discover Bank are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal.Civ. Code §1785.25(a). Since Trans Union and Discover Bank received all

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

documents required to determine the fraudulent nature of Plaintiff's alleged debt, Trans Union and Discover Bank should have known that the accounts at issue did not belong to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and in favor of Plaintiff as follows:

a) Actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);

b) An award of any equitable relief the Court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5);

c) A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code § 1798.93(c)(5);

d) Costs and reasonable attorneys' fees pursuant to Cal. Civ. Code § 1798.93(c)(5);

e) A declaration that Plaintiff is not obligated to Discover on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1);

f) A declaration that any security interest, or other interest, Discover purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2);

g) The dismissal of any action filed by Discover based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4);

h) An injunction restraining Discover from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3);

i) An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Zwicker;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

j) An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Zwicker;

k) An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Zwicker;

l) An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Trans Union and Discover Bank individually;

m) Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Trans Union and Discover Bank individually;

n) An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

o) For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and

p) Any other relief this Court should deem just and proper.

q) An award of actual damages pursuant to California Civil Code § 1788.30(a) against Zwicker and Discover;

r) An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) against Zwicker and Discover;

s) An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) against Zwicker and Discover;

t) Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) against TransUnion and Discover Bank;

u) Statutory damages of $1,000.00 per violation, pursuant to 15 U.S.C. § 1681n(a)(1) against TransUnion and Discover Bank;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

v) Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2) against TransUnion and Discover Bank;

w) Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against TransUnion and Discover Bank; and

x) Any other relief deemed just and proper including interest.

## DEMAND FOR JURY TRIAL

87. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: January 20, 2022                              **KAZEROUNI LAW GROUP, APC**

By: */s/ Darrion Jackson-Laws*
DARRION JACKSON-LAWS, ESQ.
ATTORNEY FOR PLAINTIFF

**PLAINTIFF'S COMPLAINT FOR DAMAGES**